IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LINK SNACKS, INC.,
d/b/a Jack Link's,

                    Plaintiff,                        OPINION AND ORDER

    v.

                                                  22-cv-290-wmc

JACK & FRIENDS LLC,

                    Defendant.

---

Plaintiff Link Snacks, Inc., d/b/a "Jack Link's" filed a trademark infringement and deceptive trade practices lawsuit against defendant Jack & Friends, LLC.  Jack & Friends subsequently moved to dismiss for lack of personal jurisdiction or, in the alternative, to transfer the case to the Eastern District of New York.  (Dkt. #8).  Because this court lacks personal jurisdiction over Jack & Friends, and the locus of the dispute is where competing sales are alleging occurring in New England, the court will transfer this case to the Eastern District of New York.

JURISDICTIONAL FACTS[1]

Jack & Friends is a vegan jerky company organized in Delaware and headquartered in New York.  Because neither Jack Link's nor its subsidiary sold vegan products, Jack & Friends approached a subsidiary of plaintiff Jack Link's, a worldwide meat and some non-meat jerky producer, headquartered in Wisconsin in January 2022 to discuss a potential contract for the manufacture and sale of a vegan version of its product.  However, Jack

---

[1] The court draws the following facts from the allegations in plaintiff Jack Link's' complaint (dkt. # 1), as well as the parties' evidentiary submissions (dkt. 13, dkt. 25, dkt. 26), which the court may consider in deciding a motion to dismiss on jurisdictional grounds.  *See Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012).

Link's not only rejected the business proposal to make a jackfruit-based snack, but upon receiving the pitch, became concerned about customer confusion between the companies' products and names.  As a result, counsel for Jack Link's notified Jack & Friends it should consider rebranding its goods, a suggestion that Jack & Friends in turn rejected.

At that point, Jack Link's attempted to discover Jack & Friends' market reach in Wisconsin.  Specifically, in May 2022, it ordered Jack & Friends' teriyaki jerky product online to be shipped to an address in Fort Atkinson, Wisconsin.  After determining the vegan company's merchandise could be delivered to Wisconsin, Jack Link's filed this lawsuit.  In response, Jack & Friends moved to dismiss for lack of personal jurisdiction, or in the alternative, to transfer venue to the Eastern District of New York.

All of Jack & Friends products are developed and produced in Eastern New York, and all four of Jack & Friends' retail locations are in New York and Massachusetts. Moreover, although its website ships nationwide, including to Wisconsin, the bulk of its sales are in the New England area.  Finally, Jack & Friends has never specifically targeted the Wisconsin market, and has only shipped products to sixteen Wisconsin-based customers, including Jack Link's.  Thus, in total, less than 0.9% of Jack & Friends' overall sales have occurred in the Badger State, amounting to $465.52 of its overall $53,000 worth of product sales.

## OPINION

Defendant Jack & Friends moves to dismiss the complaint for a lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), or alternatively, to transfer venue under 28 U.S.C. § 1404(a).  The court addresses these alternate motions below.

2

### A. Personal Jurisdiction

A federal court can exercise personal jurisdiction over a nonresident defendant when the person or corporation would be amenable to suit under the laws of the state in which the federal court sits, subject to the constitutional due process restraints of the minimum contacts test. *KM Enterprises Inc. v. Global Traffic Technologies, Inc.*, 725 F.3d 718, 723 (7th Cir. 2013). Here, plaintiff does not contend that this Wisconsin-based court could exercise general jurisdiction over defendant, so the court discusses only the parties' arguments for and against its exercise of specific jurisdiction.

This court may exercise specific jurisdiction under Wisconsin's long-arm statute, Wis. Stat. § 801.05, over a defendant for "any act or omission outside of the state that results in an injury" within Wisconsin, "provided in addition that at the time of the injury, either":

> (a) Solicitation or service activities were carried on within the state by or on behalf of the defendant; or
>
> (b) Products, materials or other things processed, serviced or manufactured by the defendant were used or consumed within this state in the ordinary course of trade.

Wis. Stat. § 801.05(4)(a)–(b). Here, Jack Link's contends that its injury occurred in Wisconsin, where it is headquartered, and that Jack & Friends carried out solicitation and service activities in Wisconsin by selling and shipping vegan jerky products to customers who consumed the products in Wisconsin. Jack & Friends does not develop any argument regarding the applicable language in Wisconsin's long-arm statute specifically, but instead focuses on constitutional due process limits to its application. Thus, the court will presume

3

without deciding that Jack & Friends' activities within the state would satisfy § 801.05(4)(a) or (b).

With respect to the limits of due process, Wisconsin's long-arm statute is to be generously interpreted in "favor of the exercise of personal jurisdiction." *Solomon v. John Cabot Univ.*, No. 17-CV-621-jdp, 2018 WL 2452775, at *2 (W.D. Wis. May 31, 2018) (citing *Rasmussen v. Gen. Motors Corp.*, 2011 WI 52, ¶ 16–17, 335 Wis. 2d 1, 13, 803 N.W.2d 623, 629). Thus, so long as jurisdiction over both plaintiff and defendant satisfies constitutional due process under the minimum contacts test, each party is presumed to fall within Wisconsin's long-arm statute. *Menard, Inc. v. Textron Aviation, Inc.*, No. 18-cv-844-wmc, 2019 WL 11637219, at *5 (W.D. Wis. Oct. 24, 2019) (citing *Felland v. Clifton*, 682 F.3d 665, 678 (7th Cir. 2012)).

The Seventh Circuit has condensed the due process requirements for specific jurisdiction to a three-part test: (1) the defendant must have sufficient minimum contacts with the forum; (2) the alleged injury must have arisen from the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with traditional notions of fair play and substantial justice. *Lexington Ins. Co. v. Zurich Ins. (Taiwan) Lt*d., 286 F. Supp. 3d 982, 987 (W.D. Wis. 2017), *aff'd sub nom. Lexington Ins. Co. v. Hotai Ins. Co., Ltd.*, 938 F.3d 874 (7th Cir. 2019) (citing *Felland*, 682 F.3d at 673). Here, personal jurisdiction is improper based on the first and third factors.

With respect to minimum contacts, Jack Link's argues that despite Jack & Friends not having a physical presence in the state, its online commercial activity is sufficient to establish the required minimum contacts for purposes of personal jurisdiction. However, to establish sufficient minimum contacts when there is no physical presence in the forum,

4

a defendant must purposefully exploit a market, rather than simply offer sales on a website accessible to markets generally. *Compare Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 802–03 (7th Cir. 2014) (no personal jurisdiction based on interactive website and small number of sales), *with uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 427 (7th Cir. 2010) ("[Defendant] has thoroughly, deliberately, and successfully exploited the Illinois market….This is a company that…has conducted extensive national advertising and made significant national sales.")

For example, in *Advanced Tactical*, plaintiff was headquartered in Indiana and sued a California-based competitor, Real Action Paintball, in the Northern District of Indiana for trademark infringement and unfair competition relating to "pepperball projectiles" that both companies sold. *Id.* Plaintiff Advanced Tactical argued that the Indiana court could exercise personal jurisdiction because Real Action's website allowed its products to be sold in Indiana, and it had fulfilled several sales to Indiana customers before the suit was filed, though not necessarily of the allegedly infringing products. *Id.* at 801.

The Seventh Circuit disagreed, holding that even if Advanced Tactical had "link[ed] the few sales [in Indiana] to Real Action's litigation-specific activity[,] … it is unlikely that those few sales alone, without some evidence linking them to the allegedly tortious activity, would make jurisdiction proper." *Id.* "To hold otherwise would mean that a plaintiff could bring suit in literally any state where the defendant shipped at least one item[,]" which would create "de facto universal jurisdiction" and "run[] counter to the approach the Court has followed since International Shoe." *Id.* The Seventh Circuit further explained that "simply operating an interactive website accessible in the forum state *and* sending emails to people who may happen to live there" were not sufficient "minimum contacts," because

5

Real Action had not "purposefully exploited" or "targeted Indiana somehow." *Id.* at 802–03 (quoting *be2 LLC v. Ivanov*, 642 F.3d 555, 558–59 (7th Cir. 2011)(emphasis added)); *see also Grand River Enters. Six Nations v. VMR Prods. LLC*, No. 13-cv-104-wmc, 2013 WL 6185205, at *2 (W.D. Wis. Nov. 26, 2013) (simply operating "an interactive, or even highly interactive, website accessible from the forum state" not sufficient to establish minimum contacts); *Covantage Credit Union v. Blue Cross Blue Shield of Mich. Mut. Ins. Co.*, No. 21-C-867, 2021 WL 4991321, at *4 (E.D. Wis. Oct. 27, 2021) ("That one of Defendant's subsidiaries maintains a generally available website that does not obviously target Wisconsin residents is an insufficient basis for specific jurisdiction").

Here, Jack & Friends' only contacts with Wisconsin include an interactive website not focused on potential Wisconsin customers through which it has fulfilled a small number of sales to Wisconsin residents, and its letter to Jack Link's regarding a potential manufacturing agreement unrelated to any injury claimed in this suit. Jack & Friend's products are not available in any Wisconsin retail locations, only via untargeted sales online. Plus, Jack & Friends has no employees, agents, or retail footprint in Wisconsin, has not registered to do business in Wisconsin, and has never specifically targeted the Wisconsin market, including through its advertising, marketing, website or online presence. Therefore, Jack & Friends does not have sufficient minimum contacts with Wisconsin to justify this court's exercise of personal jurisdiction over it.

For similar reasons, exercising personal jurisdiction over Jack & Friends would offend "traditional notions of fair play and substantial justice." *Advanced Tactical*, 751 F.3d at 803 (citing *Int'l Shoe*, 326 U.S. at 316.) The critical question for "fair play and substantial justice" is whether a defendant's contacts with the state are such that it should

6

reasonably foresee being hauled into that state's courts. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 477–78 (1985)); *see also Thomas v. Ford Motor Co.,* 289 F. Supp. 3d 941, 948 (E.D. Wis. 2017) ("It is Ford's willingness to serve and sell to Wisconsin consumers, its pervasive marketing on multiple platforms to Wisconsin residents, and its accrual of benefits from Wisconsin consumers buying its products that make it reasonable for [defendant] to anticipate being haled into a Wisconsin court."); *also Grand River Enters. Six Nations*, 2013 WL 6185202, at * ("By making numerous and repeated sales to Wisconsin customers over the internet and at retail locations in the state, [defendant] opened itself to claims arising out of and related to those sales, and should have reasonably anticipated being haled into court in Wisconsin for this purpose.")

Ultimately, even if Jack Link's can prove that Jack & Friends is infringing Jack Link's' trademark rights, that injury occurred primarily in New York or the surrounding region, where Jack & Friends is headquartered, its products are manufactured, and the bulk of its retail sales occur. The vegan company has sold only 63 products to 16 Wisconsin-based customers, including plaintiff Jack Link's purchase, amounting to $465.52 of its overall $53,000 worth of product sales. (In contrast, Jack Link's purchases purports to have generated "billions" in jerky sales worldwide, presumably including Eastern New York. (Cpt. (dkt. #1) ¶ 10.)) Jack & Friends also plausibly represents that it did not know that operating a website available to residents of all 50 states could subject it to jurisdiction in each state, regardless of the extent (or lack thereof) of its sales in the state. In any event, Jack & Friends is neither expressly targeting Wisconsin consumers nor making substantial sales into Wisconsin, meaning that Jack & Friend's contacts with Wisconsin do not make

its being hauled into a Wisconsin-based court reasonably foreseeable. Thus, exercising personal jurisdiction over Jack & Friends would its due process rights.

Having concluded the court has no personal jurisdiction over Jack & Friends, the court need not address Jack & Friend's motion to transfer this case to the Eastern District of New York. *See* 28 U.S.C. § 1406. Even so, "[a] transfer to the district where the events at issue occurred and defendants reside, rather than dismissal, is in the interests of justice." *Hole v. Utter*, No. 20-cv-536-wmc, 2022 WL 17250283, at *1 (W.D. Wis. Nov. 28, 2022). Moreover, the court does find that locating this dispute where meaningful consumer confusion is most likely to have occurred is consistent with the principals of forum non conveniens as well, as is transferring to a forum more convenient to such a small competitor.

## ORDER

IT IS ORDERED that plaintiff Jack & Friends LLC's motion to dismiss or transfer is GRANTED for the reasons set forth above AND this case is TRANSFERRED to the Eastern District of New York.

Entered this 23rd day of May, 2023.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

8